**Freeman C. EDMAISTON, Petitioner,**

v.

**William S. NEIL, Warden, Tennessee State Prison, Nashville, Tennessee, Respondent.**

**Civ. No. C–70–103.**

United States District Court, W. D. Tennessee, W. D.

Sept. 25, 1970.

William E. Armour (Court-appointed), Memphis, Tenn., for plaintiff.

James M. Tharpe (Special Counsel for State of Tenn.), Memphis, Tenn., for defendant.

MEMORANDUM DECISION AND ORDER DENYING PETITION AND DISMISSING ACTION

BAILEY BROWN, Chief Judge.

This habeas proceeding is before the Court on the petition as amended, answer of respondent, transcript of state criminal proceedings and opinion affirming conviction, and proof introduced at the evidentiary hearing in this court at which petitioner testified. Petitioner has been well represented by Court-appointed counsel.

Petitioner's sole claim for relief is that his state conviction and sentence are void because he was deprived of his Sixth-Fourteenth Amendment right to a speedy trial.

It appears that a warrant for the arrest of petitioner on a charge of armed robbery was executed by Judge John W. Harris, a judge of the General Sessions Court of Shelby County (Memphis), in March, 1960.[1] The crime was alleged to

---

1. The General Sessions Courts are lineal descendants of the Justice of the Peace Courts but they have augmented jurisdiction.

have been committed here shortly before the arrest warrant was obtained. Within in a few days, petitioner was arrested on a similar charge in Illinois, and the Memphis authorities, hearing that petitioner was in custody there, sent officers to return petitioner to Memphis. However, the Illinois authorities refused to release petitioner and held him for trial. Petitioner was convicted and received a substantial sentence.

According to petitioner a letter was written by him asking that he `brought to Memphis for trial shortly after his Illinois trial, but he was not clear as to whom this letter was written. Other than petitioner's testimony there is no other evidence that such letter was written.

In 1966, petitioner sent a motion to dismiss his prosecution on the ground of failure of prosecution to Judge Harris. Receipt of this motion was not noted in the records of the Clerk of the General Sessions Court and it normally would have been had it been received in that office. It does not appear whether Judge Harris, who has been dead for several years, ever received the motion. There is no evidence or contention that the motion was ever filed with the Clerk of the Criminal Court or brought to the attention of the state prosecutors or criminal judges.

Petitioner was released in Illinois in 1968 and was in that year indicted here. His employed counsel raised the speedy trial issue by motion to quash the indictment. Petitioner alleged in the motion that he had, in 1966, "filed a petition in the Criminal Court of Shelby County, Tennessee, requesting that warrants be dismissed for failure to prosecute . . . ." In denying the motion to quash the indictment, the Criminal Court (and later the Court of Criminal Appeals in affirming) assumed that petitioner had "attempted several times to have a speedy trial . . . by [so] petitioning the Criminal Courts of Shelby County . . . ." This assumption appears to have been incorrect. Petitioner was then tried and convicted and is now serving a five to ten year term.

Petitioner relies on Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969) and Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970). For present purposes we assume these decisions to be completely retroactive in effect.

To establish prejudice petitioner testified that a John W. Albright, Jr. and wife Dorothy M., who were killed in a vehicle accident in 1965, could have been alibi witnesses.[2] Their death certificates are in evidence.

At the outset we find that petitioner has not shown by a preponderance of the evidence that he sent a letter to a proper person demanding a trial here shortly after his conviction in Illinois.

Assuming that the motion to dismiss the prosecution mailed to Judge Harris was a sufficient demand, we do not see how petitioner was prejudiced by the failure of the state to grant a trial at that time because the alleged witnesses were then already dead.[3] And we cannot read Dickey to hold that an out-of-state prisoner has been denied a constitutional right to a trial before he demands a trial. We conclude therefore that petitioner has not shown that he was prejudiced by the denial of his motion to dismiss prosecution (treated as a motion for a speedy trial) in 1966.

It is therefore ordered that the petition be denied and the action dismissed and custody of petitioner will be remanded to respondent.

---

2. While there is no reference to these witnesses in the motion to dismiss sent to Judge Harris in 1966, we accept for present purposes petitioner's testimony as to them.

3. Actually it was not until 1966 that T.C.A. 40–1023 was amended to provide for extradition of persons in prison in other states.